IN THE UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EBENEZAR TARIBI**<br>c/o Law Office of Conrad Bayelle<br>& Associates, PLLC<br>672 Kittendale Circle<br>Baltimore, MD 21220<br><br>Plaintiff<br><br>Vs.<br><br>**JOSHUA PAUL TEVIS**<br>1782 Brookview Road<br>Dundalk, MD 21222<br><br>&<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)**<br>60 Massachusetts Avenue, N.E.<br>Washington D.C. 20002<br><br>Serve on: Secretary of Amtrak<br>60 Massachusetts Avenue, N.E.<br>Washington, D.C. 20002<br><br>Defendants. | Civil Action No. RDB 18 CV 0806<br><br><br>JURY TRIAL DEMAND |

## COMPLAINT AND JURY TRIAL DEMAND

1. The Plaintiff herein is EBENEZAR TARIBI (hereinafter Plaintiff TARIBI)

2. The Plaintiff is a citizen and resident of Baltimore County, Maryland

3. The first defendant herein is Joshua Paul Tevis (hereinafter Defendant TEVIS)

1

4. The second Defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America with its principal place of business located in the District of Columbia.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is based upon 28 U.S.C. 1331, federal question jurisdiction, because Defendant was created and is regulated by laws of the United States.

6. The jurisdiction of this Court is further based upon 28 U.S.C. 132, diversity of citizenship jurisdiction, because the Plaintiff is a citizen of the State of Maryland and the Defendant is a business located in the District of Columbia. [ 49 U.S.C § 24301 (b)]

7. Venue is proper in the District of Maryland because the Defendant regularly does business in Maryland.

## STATEMENT OF FACTS

Plaintiff re-alleges and incorporates by reference all of the facts and allegations in paragraphs 1 through 6 above with the same effect as if herein fully set forth and further alleges:

8. Upon information and belief, at all times relevant hereto, Plaintiff Taribi was the owner and operator of a 2006 Nissan Quest licensed and registered in the State of Maryland that was involved in the accident complained of herein.

9. Upon information and belief, at all times relevant hereto, Defendant Tevis was the operator of a 2016 Dodge Ram 2500 owned by the National Railroad Passenger Corporation (AMTRAK), registered in the District of Columbia and was operating the above identified vehicle that was involved in the accident complained herein at or near, Eastern Avenue and 54th Street in Baltimore, MD on the aforementioned date.

10. Upon information and belief at all times relevant thereto, Defendant Tevis was employed by the National Railroad Passenger Corporation (AMTRAK) and was operating the above-mentioned motor vehicle in the course of his employment.

11. Plaintiff brings this action against Defendant Joshua Paul Tevis for bodily injuries sustained and property damage that occurred as a result of the accident complained herein.
12. Defendant was the operator of the identified vehicle involved in the accident complained herein.
13. On March 1, 2017, the Plaintiff was seat-belted and driving carefully and prudently at or near Eastern Avenue and 54th Street in Baltimore, MD in Baltimore County, Maryland. The defendant failed to yield the right of way and collided with the Plaintiff's vehicle resulting in Plaintiff's injuries.

## TARIBI v. TEVIS

### COUNT I: NEGLIGENCE

Plaintiff, re-alleges and incorporates by reference all of the facts and allegations in paragraphs 1 through 11 above with the same effect as if herein fully set forth and further alleges:

14. Defendant Joshua Paul Tevis had a duty to drive his vehicle with the same reasonable care that a reasonable prudent person would have under the same or similar circumstances. He owed a duty to the Plaintiff to drive reasonably to avoid any unreasonable risk of harm to the Plaintiff, other drivers and pedestrians on the road.
15. Defendant was negligent and failed to comply with the rules of traffic at the time and date of the accident. While Plaintiff was driving on his lane, maintaining proper speed and distance, Defendant carelessly and negligently failed to control the speed of his vehicle and collided with the plaintiff's vehicle, causing an accident in which Plaintiff sustained personal injuries and property damage.

16. At the time and place of the accident, Defendant was operating a motor vehicle in a negligent, reckless and careless manner and in violation of the traffic rules and regulations in effect in Baltimore County, Maryland and in further violation of the duty of reasonable care imposed upon a driver by law.

17. The collision was caused by the recklessness, carelessness and negligence of the Defendant, for that among other acts and omissions the Defendant:
    a. failed to observe due care and precaution and to maintain proper and adequate control of the motor vehicle;
    b. failed to pay full time and attention to the traffic conditions in effect;
    c. failed to keep a proper lookout for other vehicles lawfully upon the highway;
    d. failed to exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing; and
    e. in other respects not now known to the Plaintiff but which may become known prior to or at the time of trial all without any negligence on the part of the Plaintiff, contributing thereto.

18. As a direct and proximate cause and result of the aforesaid acts of negligence and carelessness of the Defendant, the Plaintiff who was at all times exercising due care:
    a. suffered serious, painful and permanent bodily injuries, to wit: acute ligamentous injury of the left shoulder, acute ligamentous injury of the left knee, acute sprain/strain of the cervical spine, acute sprain/strain of the thoracic spine, acute sprain/strain of the lumbar spine, acute sprain/strain of the left trapezius muscle, traumatic injury of the chest wall, great physical pain and mental anguish severe and substantial emotional distress; and loss of the capacity for the enjoyment of life;

    b. was, is and will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain and suffering;

    c. was, is and will be precluded from engaging in normal activities and pursuits, including a loss of ability to earn money and of actual earnings;

    d. and, otherwise was hurt, injured and caused to sustain losses.

19. All of the Plaintiff's losses were, are and will be due solely to and by reason of the carelessness and negligence of the Defendant, without any negligence or want of due care on the Plaintiff's part contributing thereto.

## TARIBI v. AMTRAK
## COUNT II: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

20. Plaintiff herby incorporates paragraphs one (1) through seventeen (18) as if fully set forth herein.

21. National Railroad Passenger Corporation (AMTRAK) was required, under Maryland law, to act in good faith in the administration, investigation and/or processing of Plaintiff's claim.

22. In the administration, investigation and/or processing of Plaintiff's claim, National Railroad Passenger Corporation failed to act in good faith, as required by Maryland law.

23. National Railroad Passenger Corporation (AMTRAK) through its claim handler, Broadspire, breached its duty of good faith and fair dealing that arises when parties enter into a motor vehicle or personal liability insurance contract.

24. National Railroad Passenger Corporation (AMTRAK) owed Plaintiff a duty of good faith and fair dealing

25. National Railroad Passenger Corporation (AMTRAK) breached the duty of good faith and fair dealing by failing to pay Plaintiff the insurance coverage benefits owed under the policy forcing the Plaintiff to litigate the matter.

26. Throughout its handling of this matter, National Railroad Passenger Corporation (AMTRAK) acted with actual malice and intolerable disregard to the plight of its insured.

27. Plaintiff is entitled to recover compensatory damages as a direct and proximate result of National Railroad Passenger Corporation (AMTRAK) breach, in an amount to be determined at trial.

28. National Railroad Passenger Corporation (AMTRAK) actions in handling Plaintiff's claim were undertaken maliciously with intent to harm Plaintiff. Thus, Plaintiff is entitled to punitive damages as a punishment to deter National Railroad Passenger Corporation (AMTRAK) from again engaging in such conduct.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant in the amount of **SIXTY THOUSAND DOLLARS ($60,000.00)** plus attorneys' fees, court costs and interest, or any other amount that this Honorable Court finds fit and equitable.

Respectfully Submitted,

*EBENEZAR TARIBI*

*Plaintiff by Counsel*

By: _____

Njinuwo C. Bayelle, Esq.(Bar #29592)
Law Office of Conrad Bayelle
8630 Fenton Street, Suite 924
Silver Spring, MD 20910
Phone :( 301) 679-6321
Fax:(202) 787-1968
Email: info@conbaylaw.com
*Attorney for the Plaintiff*